UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CHARLES EDWARDS, JR., Petitioner | CIVIL ACTION NO. 1:17-CV-248-P |
| VERSUS | CHIEF JUDGE DRELL |
| KEITH DEVILLE, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by pro se Petitioner Charles Edwards, Jr. ("Edwards") (#449415). Edwards is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. Edwards challenges his conviction in the Tenth Judicial District Court, Natchitoches Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## I.   Background

Edwards was convicted of manslaughter and sentenced to a 30-year term of imprisonment. See State v. Edwards, 2007-1058 (La. App. 3 Cir. 3/12/08), 979 So. 2d 623. His conviction and sentence were affirmed on appeal, and the Louisiana Supreme Court denied writs on September 18, 2009. Id.; State ex rel. Edwards v. State, 2008-2693 (La. 9/18/09), 17 So. 3d 391.

Edwards filed an application for post-conviction relief on June 21, 2010, which was denied. Edwards sought writs in the Louisiana Third Circuit Court of Appeal and the Louisiana Supreme Court, which were denied on May 23, 2012, and October 26, 2012, respectively. See State v. Edwards, 2010-01443 (La. App. 3 Cir. 5/23/12), 90 So. 3d 561, writ denied sub nom. State ex rel. Edwards v. State, 2012-1466 (La. 10/26/12), 99 So. 3d 647.

On October 29, 2015, Edwards filed a motion to withdraw his guilty plea in the district court, which was denied. (Doc. 1-2, p. 1). According to Edwards, the appellate court denied writ of review on May 19, 2016. (Doc. 1-2, p. 1).

Edwards filed a petition for writ of habeas corpus in this Court, which was denied as time-barred. (Docket No. 1:16-cv-729). Following this Court's dismissal of his case, Edwards filed a motion for certificate of appealability and motion to proceed *in forma pauperis* in the United States Fifth Circuit Court of Appeals, which remains pending. (Docket No. 16-31017).

In Edwards's current § 2254 motion, he asks the Court to remand his case to the 10th Judicial District Court, with instructions to hold an evidentiary hearing to determine whether Edwards's plea was knowing and voluntary.

II. Law and Analysis

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") demands that a petitioner obtain authorization from a federal court of appeals before he or she can file a "second or successive" habeas petition in federal district court. See

§ 2244(b)(3). Absent authorization, a district court does not have jurisdiction to consider a successive § 2254 petition. Although the AEDPA does not define the phrase "second or successive," the Fifth Circuit has held that "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." In re Cain, 137 F.3d 234, 235 (5th Cir. 1998).

Edwards's new claim that his guilty plea was not knowing or voluntary could have been raised in his first § 2254 petition. Typically, such a case would be dismissed or transferred to the Fifth Circuit for Edwards to obtain authorization to file a second or successive § 2254 petition. See In re: Epps, 127 F.3d 364 (5th Cir. 1997). However, because Edwards's appeal is pending in the Fifth Circuit, the instant petition should be dismissed without prejudice. See Evans v. Davis, No. 15-11066, 2017 WL 1163334, at *1 (5th Cir. 2017) ("Instead of transferring the case to this court, however, the district court should have dismissed it without prejudice because, at the time, the appeal of the denial of his first § 2254 petition was pending in this court.") (citing Woollard v. United States, 416 F.2d 50, 51 (5th Cir. 1968)).

III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that the § 2254 petition be DISMISSED without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and

Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A

courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 11th day of May, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge